ASOCIACIÓN MÉDICO–VETERINARIA DE PUERTO RICO, demandante y recurrida, *v.* ANIMAL RESCUE ASSOCIATION, AUDREY BENÍTEZ, BETTY SAADE, JUAN DEL PUEBLO y FULANO DE TAL, demandados y recurrentes.

*Número:* R-78-388    *Resuelto:* 30 de noviembre de 1978

*William E. Naveira,* abogado de los recurrentes; *Cerezo & Morán,* abogados de la recurrida.

### RESOLUCIÓN

A la solicitud de revisión, no ha lugar por falta de jurisdicción sin perjuicio de los remedios provistos en la Regla 49.2 de Procedimiento Civil.

Lo acordó el Tribunal y certifica el Secretario. El Juez Asociado Señor Negrón García emitió voto explicativo. El Juez Asociado Señor Dávila no intervino.

(*Fdo.*) Ernesto L. Chiesa

*Secretario*

—O—

Voto explicativo del Juez Asociado Señor Negrón García.

San Juan, Puerto Rico, a 30 de noviembre de 1978

El recurso interpuesto, impugna una sentencia y orden de *injunction*. Es errónea la conclusión de la ilustrada sala de instancia decidiendo que las peticionarias—Animal Rescue Association y las señoras Audrey Benítez, Betty Saade y otros miembros voluntarios—están practicando la profesión de veterinaria en contravención a la Ley Núm. 59 de 13 de abril de 1916 (20 L.P.R.A. sec. 591 *et seq.*). Se trata de una corporación sin fines de lucro cuyos miembros básicamente tratan animales realengos, les buscan hogares, los curan y ejercitan otras funciones en beneficio de los mismos, a base de la experiencia y enseñanza adquirida en dicha gestión y obtenida de algunos médicos veterinarios que le han prestado la cooperación. Específicamente dan tratamiento para parásitos, tratan casos de diarrea, ponen vacunas, diagnostican y tratan enfermedades de la piel y oído, inyectan hormonas en casos de partos y prestan primeros auxilios en accidentes. Por tales servicios *no* reciben remuneración, salvo el costo de algunas medicinas. Esta labor se proyecta sobre la clase pobre que no puede satisfacer los honorarios de los veterinarios.

El tribunal a quo acepta que en Puerto Rico no hay suficientes veterinarios para atender adecuadamente estos animales, por razón de su número considerable y porque muchos de sus dueños no poseen la capacidad económica para sufragar los *altos costos de tratamiento*. Reconoce, además, que el

Estado no provee estos servicios ni gratuitamente ni a un costo moderado.

Al examinar las disposiciones pertinentes de la Ley Núm. 59 advertimos que su ámbito de prohibición se proyecta sobre el ejercicio de la veterinaria mediante *remuneración* o anuncio ilegal (Sec. 6). Las peticionarias no realizan sus funciones con el propósito e ". . . intención de usurpar las funciones de los veterinarios autorizados, . . . ." sino para complementar limitadamente unos servicios mínimos necesarios de lo que constituye tratamiento común y corriente a los animales realengos y de los pobres, susceptibles de ser brindados por cualesquiera personas sin que sean necesarios los conocimientos técnicos y académicos exigidos por la ley.

Tampoco procede la orden de *injunction* a base de los fundamentos aducidos por la sala de instancia en el sentido de que la Asociación Médico-Veterinaria de Puerto Rico está sufriendo daños irreparables, a base de la inferencia de que los servicios de las peticionarias conlleva una "disminución de clientes" a sus miembros; y que la Ley Núm. 59 antes citada tiene como propósito garantizar que tales servicios se presten por un profesional debidamente capacitado ya que las enfermedades de los animales pueden afectar la salud de los seres humanos. En primer lugar, reflejando la prueba que los servicios son gratuitos por prestarse a animales realengos o a los de dueños pobres que no pueden satisfacer los honorarios de un veterinario, no es válido el razonamiento de que puede haber disminución de clientes; y en segundo lugar, precisamente por tratarse de servicios que no estarían disponibles de otro modo, la gestión de la entidad recurrente en lugar de ser contraria a los propósitos que inspira la ley, es complementaria ya que tiende a evitar que las enfermedades de los animales realengos o de propiedad de los indigentes afecten—por falta de tratamiento—la salud de los seres humanos.

El argumento aducido en oposición en el sentido de que denegar el *injunction* "equivaldría a solicitar el desmantela-

miento de la profesión médica y legal porque existen personas médica y legalmente indigentes y los recursos del Estado no son suficientes para atender sus necesidades" no nos convence pues no se trata de tratamiento aplicado a seres humanos sino a animales, en una situación en que el Estado no provee ningún tipo de servicio gratuito.

No obstante lo expuesto, el haberse radicado tardíamente el recurso de revisión me obliga a concurrir con la denegación del auto.